IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ELENA HERNANDEZ | ) | 17 CV 3230 |
| | ) | |
| Debtor/Appellant. | ) | |
| | ) | Judge Jorge L. Alonso |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Debtor Elena Hernandez appeals to this Court, pursuant to 28 U.S.C. § 158(a)(1), from a decision of the United States Bankruptcy Court denying debtor's claimed exemption of her workers' compensation claim and associated proceeds. For the following reasons, the bankruptcy court's decision is affirmed.

## BACKGROUND

On December 1, 2016, Ms. Hernandez filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. On Schedule C, she claimed as exempt a pending workers' compensation claim under 820 ILCS 305/21 (section 21 of the Illinois Workers' Compensation Act), which states "[n]o payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages." (*See* Appellant Designation of R. on Appeal at 25, 76 (hereinafter, "R."), ECF No. 4-1.) The claim, as valued by Ms. Hernandez, comprised $31,000 of the $32,300 total assets listed. (R. at 21.) On December 3, 2016, Ms. Hernandez settled her workers' compensation claim with her employer without trustee knowledge or bankruptcy court approval. (R. at 72.)

The creditors identified by Ms. Hernandez in her Chapter 7 bankruptcy petition consist solely of medical providers. (R. at 29–32.) Included therein are Marque Medicos Fullerton, LLC, Medicos Pain and Surgical Specialists, S.C., and Ambulatory Surgical Care Facility, LLC (together, the "Objecting Creditors")—certain medical providers who provided services to Ms. Hernandez for the injury associated with her workers' compensation claim. (*Id.*) On February 3, 2017, the Objecting Creditors filed an objection to Ms. Hernandez's claimed exemption. (Appellant Br. at 2 (citing R. at 71).)

On April 12, 2017, the bankruptcy court held a hearing on the objection. (Apr. 12, 2017 Tr. at 1, ECF 5.) Ms. Hernandez maintained that "under Illinois law [] a workers' compensation claim award that is properly listed is 100 percent exempt." (*Id.* at 8:23–25.) The Objecting Creditors contended that exempting the claim would "write [them] out of [their] statutory rights under Illinois law to participate and protect [their] rights" regarding payment for medical services rendered. (*Id.* at 3:21–23.) The bankruptcy court sustained the objection and denied Ms. Hernandez's claimed exemption of the proceeds associated with her workers' compensation claim. (R. at 90.)

On April 27, 2017, Ms. Hernandez filed a motion for leave to appeal an interlocutory order, which this Court granted. (R. at 92–93.) This appeal followed.

## DISCUSSION

"In an appeal from a bankruptcy court's decision, . . . the bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*." *In re A-1 Paving & Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997). "A debtor's entitlement to a bankruptcy exemption is a question of law." *Matter of Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993), *abrogated on other grounds by Law v. Siegel*, 134 S. Ct. 1188 (2014).

Chapter 7 of the Bankruptcy Code provides "an insolvent debtor the opportunity to discharge his debts by liquidating his assets to pay his creditors." *Law*, 134 S. Ct. at 1192. The filing of a bankruptcy petition under Chapter 7 creates an estate inclusive of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Essentially all the debtor's property, including any causes of action, becomes property of the bankruptcy estate. *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 982 (N.D. Ill. 2014). The bankruptcy estate is placed under the control of a trustee, 11 U.S.C. § 704, who alone "is responsible for managing liquidation of the estate's assets and distribution of the proceeds." *Law*, 134 S. Ct. at 1192. "This exclusive authority [to administer and dispose of the estate] includes the right to pursue the debtor's pre-petition causes of action." *Putzier*, 50 F. Supp. 3d at 982.

Pursuant to 11 U.S.C. § 522(b), a debtor may exempt certain property. Exempt property is "removed from the sweeping scope of the bankruptcy estate" and not liquidated to satisfy creditor claims. 11 U.S.C. § 522(c); *Matter of Yonikus*, 996 F.2d at 870. Illinois has opted out of the federal exemption scheme in 11 U.S.C. § 522(d) of the Bankruptcy Code, 735 ILCS 5/12-1201, and an Illinois debtor can "utilize only those exemptions allowed under Illinois law." *In re Swiontek*, 376 B.R. 851, 864 (Bankr. N.D. Ill. 2007). To exempt property, debtors must claim the property as exempt in the schedule of assets of their bankruptcy petition. Fed. R. Bankr. P. 4003(a). An exemption can only be claimed on property after it is first part of the bankruptcy estate. *Matter of Yonikus*, 996 F.2d at 869. Once the debtor claims property as exempt, the trustee or creditors may object to the claimed exemption. 11 U.S.C. §522(l). The bankruptcy court then determines whether the property is exempt. *See* Fed. R. Bankr. P. 4003(c). Under Illinois law, the court may exempt property with respect to certain claims, without exempting it

3

with respect to all claims. *In re Fisherman*, 241 B.R. 568, 574-75 (Bankr. N.D. Ill. 1999) (exemptions may be "valid as to some claims" but "invalid as to others"); *see also In re Eichhorn*, 338 B.R. 793, 797 (Bankr. S.D. Ill. 2006) (property held in tenancy by the entirety is exempt from claims against only one of the tenants, but not exempt from claims in which all tenants are liable). Such a result does not run afoul of the Bankruptcy Code, which broadly empowers states to define the scope of their exemptions. *See In re Ondras*, 846 F.3d 33, 35-36 (7th Cir. 1988) (holding that 11 U.S.C. § 522 does not prohibit state exemption scheme that "place[s] property beyond the reach of only certain creditors (*i.e.* contract creditors) while keeping the property within the reach of other creditors [*i.e.*] tort creditors").

Ms. Hernandez, relying on *In re McClure*, 175 B.R. 21 (Bankr. N.D. Ill. 1994), contends that her claim and any associated proceeds are entirely exempt under section 21 of the Illinois Workers' Compensation Act ("WCA"). In *McClure*, the bankruptcy court held the language of section 21—"[n]o payment, claim, award or decision under [the WCA] shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages"—exempts workers' compensation claims from any bankruptcy estate, even though it does not explicitly mention bankruptcy or "employ the words 'exemption' or 'exempt.'" *Id.* at 23.

The Court fully agrees with the *McClure* decision that, based on section 21, workers' compensation claims are exempt from a debtor's bankruptcy estate as against general creditors. But critically, in 2005, eleven years after *McClure* was decided, the Illinois General Assembly amended the WCA. The Court agrees with the Objecting Creditors that, based on the text of the 2005 Amendments, workers' compensation claims and associated proceeds are not exempt with respect to pertinent medical providers.

4

The 2005 amendments significantly altered the WCA by establishing a fee schedule limiting what medical providers can collect for certain procedures, 820 ILCS 305/8.2(a), and adding several provisions governing how medical providers bill and receive payment. Medical providers, upon becoming aware an injury is work-related, are required to bill employers directly, instead of employees. 820 ILCS 305/8.2(d). During the pendency of any dispute between the employee and employer over whether the injury is compensable under the WCA, medical providers are to "cease any and all efforts to collect payment" from the employee, 820 ILCS 305/8.2(e-5), (e-10), but any statute of limitations or statute of repose applicable to the provider's collection efforts is tolled. *Id.* Although collections must cease while the dispute is pending, "[u]pon a final award or judgment by an Arbitrator or the [Illinois Workers' Compensation] Commission, or a settlement agreed to by the employer and the employee, a provider may resume any and all efforts to collect payment from the employee for the services rendered to the employee and the employee shall be responsible for payment of any outstanding bills for a procedure, treatment, or service rendered by a provider." 820 ILCS 305/8.2(e-20).

The 2005 amendments to the WCA strike a balance by expanding benefits, regulating and restricting what medical providers can charge via the fee schedule, and prohibiting collection efforts against an employee while a dispute over her workers' compensation claim is pending, all of which benefits the employee—in exchange for protecting the medical providers' ability to resume collection efforts against the employee if her disputed claim is ultimately resolved against her, or, more to the point, if she settles with the employer, 820 ILCS 305/8.2(e-5), (e-10), (e-20). The Court is not persuaded that the Illinois legislature devised this complex process, with the stated intent to "hold down . . . medical costs to injured workers . . . in a way that does not harm the injured workers' ability to access quality health care," 94th Ill. Gen. Assem., Senate

5

Proceedings, May 26, 2005, at 85 (statements of Senator Cronin), but at the same time intended that the very medical providers whose right to collect payment the legislature sought to protect, and whose services are integral to the workers' compensation system, should not be able to resort to legal process to obtain payment from an injured employee who has settled her claim with her employer.

"A court must . . . interpret [a] statute as a symmetrical and coherent regulatory scheme [and] fit, if possible, all parts into an harmonious whole." *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-33 (2000) (internal citations and quotation marks omitted). A court's "primary goal" in construing a statute is "to ascertain and give effect to the intention of the legislature . . . by reading the statute as a whole and considering all relevant parts." *Sylvester v. Indus. Comm'n*, 756 N.E.2d 822, 827 (Ill. 2001). Further, the Court must "construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous, avoiding an interpretation which would render any portion of the statute meaningless or void[, and] presume that the General Assembly did not intend absurdity, inconvenience, or injustice." *Id.* (internal citations omitted). The debtor argues that the 2005 amendments never mention or alter the language of section 21 and simply have no bearing on it, but to accept that interpretation would be to ignore these principles of statutory construction. The debtor's reading does not make of the WCA a "symmetrical and coherent regulatory scheme," nor does it "fit . . . all parts into an harmonious whole," give each part of the statute a reasonable meaning, or avoid absurdity. The debtor interprets the statute to specifically provide that medical providers may collect payment for their services from the injured employee after her disputed claim has been resolved—except when they have to resort to legal process to do so. This interpretation is not reasonable.

The WCA is "designed to ensure prompt and equitable payment of an injured employee's medical bills." *Marque Medicos Fullerton, LLC v. Zurich Am. Ins. Co.*, 83 N.E.3d 1027, 1041 (Ill. App. Ct. 2017). The 2005 Amendments served this interest by making employers initially responsible for payment, but also "protecting providers' ability to ultimately receive payment" from employees, if it turned out they were liable for the treatment. *Id.* at 1036. To ignore the provisions ensuring that providers can seek payment from the employee once the employer is no longer liable, whether due to "a final award or judgment by an Arbitrator or the Commission" or settlement between employer and employee, would not serve those interests.

The Court concludes that section 21 does not provide a blanket exemption from the bankruptcy estate for workers' compensation claims; it exempts those claims as against general creditors, but not as against medical providers after the debtor settles her workers' compensation claim with her employer.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision is affirmed. This case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

**SO ORDERED.**  ENTERED: 3/26/18

**HON. JORGE ALONSO**
**United States District Judge**

7